IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN RICHARDS et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>ACME HEATING AND AIR CONDITIONING et al.,<br><br>　　　　　　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:13CV34 DAK |

　　　　This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment against Defendant Acme Heating and Air Conditioning, Inc. ("Acme Heating").   A hearing on the motions was held on May 30, 2013.   At the hearing, Plaintiffs were represented by Kenneth B. Grimes, and Defendant Acme Heating was represented by Knute A. Rife.   The court has carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Order.

　　　　Plaintiffs in this action are Trustees of the Utah Sheet Metal Welfare Trust Fund and the Utah Sheet Metal Pension Trust Fund.  Plaintiffs believe that Defendant Acme Heating currently has due and owing to Plaintiffs' employee benefit plan contributions in the amount of almost $31,000 or such other amount as may be determined through an audit.

　　　　Through this motion, Plaintiffs request that the court enter an Order compelling Acme Heating to permit a payroll audit of its employment and business records in order to determine

Acme's compliance with its contractual obligation to pay employee benefit plan contributions to Plaintiffs.

Pursuant to *Central States S.E. & S.W. Area Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), 29 U.S.C. 1132(a)(3), and the applicable Labor Agreements and Trust Agreements to which Acme Heating is signatory, the court agrees with Plaintiffs that Acme Heating must permit a payroll audit of its employment and business records to determine Acme Heating's compliance with its contractual obligation to pay employee benefit plan contributions to Plaintiffs. Accordingly, Acme Heating is directed to cooperate with the audit and to produce all of the documents and information that are necessary and reasonable for completion of the audit in conformance with generally accepted accounting procedures.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment [Docket No. 19] is GRANTED.

DATED this 13th day of August, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge