IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN RICHARDS et al.,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>ACME HEATING AND AIR CONDITIONING, INC. et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:13CV34 DAK |

　　　　This matter is before the court on two motions: (1) Plaintiffs' Motion for Summary Judgment against Defendants Acme Heating and Air Conditioning, Inc. ("Acme Heating") and Fidelity & Deposit Company of Maryland ("Fidelity");[1] and (2) Fidelity and Ascent Construction, Inc.'s ("Ascent") Motion for Summary Judgment.  A hearing on the motions was held on October 7, 2014.  At the hearing, Plaintiffs were represented by Kenneth B. Grimes, Jr., and Defendants Fidelity and Ascent were represented by Scott C. Powers.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to these motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

---

　　　　[1] Plaintiffs are Stephen Richards, James Paull, Jeff Tack, Sam Johnson, Michael Cooper, Randy Jentzsch, John Yates, Brennan Cochrane, and Tony Erickson, as Trustees of the Utah Sheet Metal Welfare Trust Fund, and Utah Sheet Metal Pension Trust Fund.

**I. Plaintiffs' Motion for Summary Judgment**

Plaintiffs request judgment against Acme Heating for employee benefit plan contributions in the total amount of $45,831.76, plus interest, liquidated damages, audit fees, costs of suit and attorney's fees, as provided by applicable law and the agreement between the parties. They also request a judgment against Fidelity as the payment bond surety on the construction project upon which said employee benefit plan contributions were earned by employees of Acme Heating, in the total amount of $45,831.76, plus interest, costs of suit and attorney's fees, as provided by the payment bond and applicable law.[2] In the alternative, Plaintiffs request an order granting partial summary judgment in favor of Plaintiffs on the issue of liability, and reserving only the issue of damages for future determination by the Court.

**A. Plaintiffs' Claims Against Acme Heating**

The Plaintiff Trust Funds are employee benefit plans within the meaning of 29 U.S.C. § 1002(1), (2) and (3) and 29 U.S.C. § 1132 of ERISA. On February 13, 2012, Acme Heating, acting by and through its owner James Ball ("Mr. Ball"), entered into a Short Form Agreement with Local Union 312 of the Sheet Metal International Association ("Local Union 312"). This Short Form Agreement expressly incorporates by reference the terms and provisions of the Collective Bargaining Agreement ("CBA") between Local Union 312 and the Sheet Metal Contractors' Association of Utah (SMCA"), effective July 1, 2008 through June 30, 2011, and any renewal,

---

[2] Plaintiffs have not requested summary judgment against Defendant James Ball due to his filing of a Petition in Chapter 13 Bankruptcy. Plaintiffs have not requested summary judgment against Ascent Construction because Plaintiffs believe that any liability of Ascent Construction as principal on the payment bond would be secondary to that of Fidelity as the surety. Fidelity has tendered its defense to Ascent as bond principal, and Ascent has accepted this tender and therefore has standing to challenge Plaintiffs' Motion for Summary Judgment.

extension, or replacement of such CBA.  A CBA entered into between Local Union 312 and SMCA, effective July 1, 2012 through June 30, 2016 constitutes a renewal, extension, or replacement of the 2008-2011 CBA to which Acme Heating was bound at all times material to this case, by virtue of its Short Form Agreement with Local Union 312.

Pursuant to the terms of the Short Form Agreement and CBA, Acme Heating was required to submit employer reports and to pay employee benefit plan contributions each month to the Plaintiff Trust Funds, based upon the number of covered hours worked by each employee of Acme Heating.  Commencing February 2013, and continuing through October 2013, Acme Heating submitted employer reports each month, reflecting the number of covered hours worked and the amount of contributions owed to the Plaintiff Trust Funds.  Commencing July 2013, Acme Heating failed to pay all the employee benefit plan contributions that were reported within its employer reports.  As of the date of Plaintiffs' motion, Acme Heating owes the sum of $30,670.44 in employee benefit plan contributions that were reported but not paid for the months of July through October 2013.

On August 13, 2013, the court entered a Memorandum Decision and Order in this case requiring that Acme Heating cooperate in performing a payroll audit for the purpose of determining Acme Heating's compliance with its obligations under the Short Form Agreement and CBA.  A payroll audit of Acme Heating was subsequently performed by an independent auditing firm employed by Plaintiffs.  On March 10, 2014, the auditing firm issued an audit report, reflecting that Acme Heating owes an additional $15,161.32 in employee benefit plan contributions that were previously unreported and unpaid.

As of the date Plaintiffs' motion was filed, Acme Heating owed the sum of $30,670.44 in previously reported but unpaid contributions, and $15,161.32 in unreported contributions, for a total amount due and owing of $45,831.76.  Plaintiffs have made demand upon Acme Heating for payment of said amount and no payment has been made.

The court finds that, pursuant to the Short Form Agreement, CBA, and applicable law, Acme Heating owes to Plaintiffs pre-judgment interest, liquidated damages, audit fees, costs of suit, and attorney's fees in addition to the unpaid contributions.

**B. Plaintiffs' Claims Against Fidelity**

Defendant Fidelity is an insurance company registered in the State of Delaware and was at all times material to this action doing business within Salt Lake County, State of Utah. Defendant Ascent Construction is a Utah Corporation with its principle place of business located in Davis County, State of Utah.  Prior to February 2012, Ascent Construction entered into a construction contract with Wal-Mart Stores, Inc. ("Wal-Mart") for the construction of a project referred to as "Wal-Mart Parley's Way," Project No. 16-23-152-004-0000 (hereinafter referred to as "the Project").[3]

On or about October 20, 2011, Ascent Construction, as the bond principal, and Fidelity, as the surety, entered into a Payment Bond relating to the Project, in conformance with Utah

---

[3] Defendants have objected to this fact, claiming that it is not supported by admissible evidence because Plaintiffs have improperly cited Acme's Answer as the evidentiary support for this fact. This "fact" and it's admissibility however, is not seriously in dispute, as Defendants have admitted it elsewhere in their Opposition Memorandum and in their own Motion for Summary Judgment.

Code Section 14-2-1.[4]  Pursuant to the terms of said Payment Bond, and Utah Code Section 14-2-1, any person furnishing labor on the Project is entitled to recover the amount due for such labor. [5]

In connection with its performance on the Project, Ascent Construction hired Acme Heating as a subcontractor to provide labor related to sheet metal work on the Project. Employees of Acme Heating subsequently performed covered work on the Project, within the scope of the Short Form Agreement and CBA, and earned employee benefit plan contributions in relation to such work.

Plaintiffs contend that all the unpaid contributions that are owed by Acme Heating to Plaintiffs relate to work that was performed on the Project by the employees of Acme Heating. Plaintiffs also argue that the sum of $45,831.76 remains due and owing to Plaintiffs as and for employee benefit plan contributions relating to covered work performed by employees of Acme Heating on the Project.

Defendants argue that there are many issues of disputed fact that preclude summary judgment.  Specifically, they contend that there are disputed facts relating to the sum allegedly due and owing from ACME.  They also contend that there are disputed facts regarding

---

[4] Defendants also object to this fact because Plaintiffs have not provided the payment bond in admissible form.  Again, neither this fact nor its admissibility is seriously in dispute, as Defendants have admitted it elsewhere in their Opposition Memorandum and in their own Motion for Summary Judgment.

[5] Defendants object to this fact, arguing that Plaintiffs have not established a foundation for the admission of the purported payment bond, and they also argue that it is a legal conclusion.  The court overrules these objections.

whether Plaintiffs have improperly sought contributions for non-union workers and for work on projects that were unrelated to the Wal-Mart project. Finally, Fidelity and Ascent argue that Plaintiffs have failed to comply with a necessary statutory precondition to their rights to pursue a claim against Ascent's bond because they didn't file a preliminary notice.[6] Accordingly, they contend, the court must deny Plaintiffs' summary judgment motion.

The court finds, however, that Defendants have failed to create any material issues of disputed fact to preclude summary judgment. As explained by Plaintiffs in their Reply Memorandum, Mr. Ball's testimony does not create a genuine issue regarding Plaintiffs' damages calculation. And Plaintiffs have indeed attempted to collect benefit contribution for non-union members–but not improperly. Plaintiffs have offered undisputed evidence that their beneficiaries are not limited to union members but rather include current union workers, former union workers, non-union workers who perform covered work for signatory employers, non-bargaining participants, and dependents. Plaintiffs' Trust Agreements expressly define "Employee" as "any person, union or non-union, in the employment of an Employer whose work or work classification is covered by a Written Agreement.

The Trust Agreements further state that the purpose of each plan is "to provide for the distribution of [benefits] to eligible Employees and/or participants and their beneficiaries." *Id* at Article I, Section 8. Thus, there is no legal or factual basis for Defendants' assertion that only union members are entitled to have benefit contributions made to the Plaintiff Trust

---

[6] This is the subject of Defendants' separate Motion for Summary Judgment, which is discussed below

Funds, and it is not improper for Plaintiffs to recover contributions on behalf of the non-union employees of a signatory employer.

Similarly, Plaintiffs have demonstrated that all the unpaid contributions requested by Plaintiffs in this action relate to work that was performed by Acme Heating on the Wal-Mart Project. Defendants' suggestion that some of the work was performed on other projects, such as the City Creek project, is based on speculation, and Defendants have offered no admissible evidence to create a disputed fact. In addition, to the extent Defendants suggest that the amount of contributions claimed by Plaintiffs exceeds the number of hours that were initially anticipated for sheet metal work on the Project, the court finds that there is no genuine issue of material fact that would preclude summary judgment.

Finally, as discussed below, the court disagrees with Defendants' argument that Plaintiffs' claims are barred because they did not file a preliminary notice. Accordingly, Plaintiffs' Motion for Summary Judgment is granted.

## II. Ascent Construction and Fidelity's Motion for Summary Judgment

As set forth above, Plaintiffs have brought claims against a private payment bond, issued by Fidelity and its bond principal general contractor, Ascent Construction. These Defendants argue that Plaintiffs have not complied with their obligation under Utah's Private Bond statute to file a preliminary notice on the project.

As discussed below, Utah law states that any person furnishing labor for which a payment bond claim may be made is required to file a preliminary notice or otherwise lose the ability to make a claim against the bond. Although there is an exception for an "individual

performing labor," according to Defendants, this exception applies only to the individuals performing the labor and does not apply to entities that claim amounts owed related to labor furnished.  Defendants admit that Plaintiffs have standing under Utah law to assert a bond claim, but Defendants argue that they are nevertheless required to comply with the prerequisites for making such a claim.

Utah law provides that "[a] person shall have a right of action on a payment bond under this chapter for any unpaid amount due that person if that person: (a) has furnished labor . . . in the prosecution of the work provided for in the commercial contract for which the payment bond is furnished under this chapter. . . . " Utah Code Ann. §14-2-1(4).  Further, "[a]ny person furnishing labor . . . for which a payment bond claim may be made . . . shall provide preliminary notice to the designated agent as prescribed by Section 38-1a-501, *except that this section does not apply to an individual performing labor for wages*."  Utah Code Ann.§ 14-2-5 (1) (emphasis added).  Finally, the statute provides that "[a]ny person who fails to provide the preliminary notice required by Subsection (a) may not make a payment bond claim under this chapter." Utah Code Ann. § 14-2-5 (2).

Defendants contend that the exception applies only to individuals actually performing the labor and not for a fund that "furnishes labor."  Plaintiffs disagree, arguing that under Utah law, Plaintiff trust funds serve in a representative capacity to the individual workers who performed the labor in relation to the recovery of their benefit contributions. *See Forsberg v. Bovis Lend Lease, Inc.*, 184 P.3d 610 (Ut. Ct. App. 2008), *cert denied*, 199 P.3d 367 (Utah 2008).  Under the reasoning of *Forsberg*, Plaintiffs contend that they effectively serve as assignees, and

"stand in the shoes" of the individuals who performed the work.  And thus, Plaintiffs submit that §14-2-5(1)'s exception for "an individual performing labor for wages" applies to their claim in this case.   Moreover, they argue that the benefit funds neither "furnish" nor "perform" work on any project; rather, they only collect contributions from signatory employers and distribute benefits to the funds' beneficiaries.  The funds have no involvement in obtaining construction work or furnishing employees to perform such work.   Thus, Plaintiffs contend that because the individual workers fall within the exception to the preliminary notice requirement under Utah Code §14-2-5(1), the benefit funds, as *de jure* assignees who "stand in the shoes" of the individual workers, are also subject to the exception.

The court agrees.   The Plaintiff Trust Funds stand in the shoes of the individual workers, and, therefore, §14-2-5(1)'s exception for "an individual performing labor for wages" applies to the Funds.  Accordingly, the funds' failure to file preliminary notices informing the owner and general contractor of their work and potential interest does not preclude a claim against the bond, and Defendants' Motion for Summary Judgment is therefore denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Fidelity & Deposit Company of Maryland and Ascent Construction, Inc.'s Motion for Summary Judgment [Docket No. 50] is DENIED.   Plaintiffs' Motion for Summary Judgment [Docket No. 47] is GRANTED and the Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendants Acme Heating and Air Conditioning, Inc. and Fidelity & Deposit Company of Maryland in the amount of $45,831.76.

Additionally, the court grants leave to Plaintiffs to present evidence concerning the amount of pre-judgment interest, liquidated damages, audit fees, costs of suit and attorney's fees to which they are entitled under the parties' agreements and applicable law.

DATED this 26th day of January, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge