**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| STEPHEN RICHARDS et al., | |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| ACME HEATING AND AIR CONDITIONING, INC. et al., | **Case No.  2:13CV34 DAK** |
| **Defendants.** | |

This matter is before the court on (1) an issue concerning the status of Ascent

Construction, Inc. ("Ascent") as a Defendant in this action; (2) Plaintiffs' Motion for Attorney's

Fees; and (3) Plaintiffs' request for costs.  The court has carefully reviewed the written

memoranda submitted by the parties, and, pursuant to Local Rule 7-1(f), the court has

concluded that oral argument would not be helpful or necessary, and thus the court will

determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

In the court's previous Order regarding Defendants' Motion for Reconsideration, the

court noted that there was an unresolved issue concerning the status of Plaintiffs' claims

against Ascent.[1]  To help resolve the issue, the court directed the parties to file a concise

memorandum concerning "whether there are any claims against Ascent Construction that have

not implicitly been ruled upon by the Court and also whether the Memorandum Decision and

---

[1] Docket No. 76.

Order and also the Clerk's Final Judgment should be amended to explicitly state that judgment is granted in favor of Plaintiffs and against Ascent Construction."  Pending resolution of this issue, the court vacated the Final Judgment entered on January 28, 2015.

The issue arose because although Ascent was named as a Defendant in the Amended Complaint, Plaintiffs, in moving for summary judgment, sought judgment against only Acme Heating and Fidelity.[2]  Plaintiffs explained in their Motion for Summary Judgment that they were not requesting summary judgment against Ascent "because Plaintiffs believe that any liability of Ascent Construction as principal on the payment bond would be secondary to that of Fidelity as the surety."[3]  Ascent and Fidelity did not challenge that statement during the briefing on the summary judgment motion.[4]  Ascent and Fidelity now claim, however, that Plaintiffs' claims against Ascent have not been resolved, and consequently, the Judgment that was entered by the court was not a final judgment.

To clarify this issue, the court hereby dismisses Ascent as a Defendant.[5]  The claim against both Ascent (as the bond principal) and Fidelity (as the surety) is on the Payment Bond. Because Plaintiffs have obtained judgment against the bond, there is no need to enter

---

[2]  *See* Docket No. 47 at 1-2.

[3]  Docket No. 47, page 2, n.1.  Plaintiffs also did not move for summary judgment against Defendant James Ball due to his filing of a Petition in Chapter 13 Bankruptcy.

[4]  Fidelity had tendered its defense to Ascent as bond principal, and Ascent had accepted the tender.  Docket No. 51, page 2, n.1.

[5]  The court also dismisses without prejudice Defendant James Ball.

judgment against Ascent.   There were no independent claims asserted against Ascent–nor was

judgment ultimately sought against Ascent.   Therefore, Ascent is dismissed.

Regarding Plaintiffs' Motion for Attorney's Fees and Costs, the court grants the motion.

In this motion, Plaintiffs request the following:

a.   An award of interest at the contract rate of 1% (one percent) per month for the
     time period of November 1, 2012, to the present, in the total amount of
     $12,510.21, which interest is continuing to accrue at the rate of $15.07 per day.

b.   An award of liquidated damages at the rate of 20% (twenty percent) of the
     principal amount of $45,831.76, in the total amount of $9,166.35.

c.   An award of audit fees in the total amount of $1,750.00.

d.   An award of their reasonable attorneys' fees in the amount of $45,425.50.

e.   An award of their recoverable costs in this action in the amount of $792.85.

f    Plaintiffs request leave of the Court to supplement their claims for interest,
     attorney's fees and costs in this matter to include any amounts which become
     due subsequent to the date of this Motion.

Plaintiffs claim that they are entitled to an award of interest, liquidated damages, audit

fees, attorney's fees and costs against defendant Acme Heating ("Acme"), pursuant to 29 U.S.C.

§ 1132(g)(2), and that they are entitled to the same relief against Fidelity under Utah Code

Annotated § 14-2-1 (reasonable attorney fees) and also under the reasoning of *United States v.*

*Carter*, 350 U.S. 210 (1957), which, they argue has been followed by the Utah Court of Appeals

3

in construing Utah Code Annotated § 14-2-2 in *Forsberg v. Bovis Lend Lease, Inc.*, 184 P.3d 610 (Utah Ct. App 2008) *cert. denied*, 199 P3d 367 (Utah 2008).

Defendants have not contested the amounts requested, but rather, they object to the general proposition that a surety on a payment bond is liable for liquidated damages and other fees with respect to union claims for unpaid benefit contributions payable under the CBA signed with Acme.  They argue that, [n]either the bond principal, the bond obligee, nor the surety is party to the Collective Bargaining Agreement ("CBA").  The language of the surety bond does not extend to liquidated damages, audit fees, or contractual interest rates agreed to by Acme."[6]  Rather, Fidelity argues that "[s]imply put, a bond extends limited assurance of payment to qualified claimants for qualified claims. It does not make a general contractor or its bond surety guarantors of all obligations owed by a subcontractor to others."[7]

Plaintiffs agree that neither Ascent nor Fidelity was a party to the CBA or the agreement between Acme and the Union, but this fact, they claim, is immaterial because Ascent and Fidelity were parties to the payment bond which assured payment of all amounts due to the workers on the Project.

The court finds that the compensation due to Acme's workers was defined by the terms of a CBA, and the fact that it is based on a CBA rather than some other type of agreement is

---

[6] *See* Docket No. 65 at 6.  Defendants appear to concede, however, that Fidelity's exposure would include the principal amount and "that portion of the allowable attorneys' fees . . . associated with that principal amount."  *Id*. at 7.

[7] Docket No. 65 at 4-5.

4

immaterial.   Defendants' argument that they were not parties to the CBA and therefore not

liable under the CBA was rejected by the Utah Court of Appeals in *Forsberg v. Bovis Lend Lease,*

*Inc.*, 184 P.3d 610 (Ut. Ct. App. 2008), *cert denied*, 199 P.3d 367 (Utah 2008) and the numerous

cases cited therein.   Under the terms of the payment bond and Utah Code Ann. § 14-2-1,

Defendants are liable for amounts that are owed to the employees of Acme who performed

work on the Project.   The fact that such amounts are owed pursuant to the terms of a CBA,

rather than some other type of employment agreement, is simply immaterial.

  Accordingly, IT IS HEREBY ORDERED that Defendant Ascent Construction is DISMISSED

from this action.   Defendant James Ball is also DISMISSED without prejudice.   In addition,

Plaintiffs' Motion for Award of Interest, Liquidated Damages, Audit Fees, Attorney Fees, and

Costs [Docket No. 61] is GRANTED.   The Clerk of Court is directed to enter Final Judgment in

favor of Plaintiffs and against (1) Defendants Acme Heating and Air Conditioning, Inc. and (2)

Fidelity & Deposit Company of Maryland in the amount of $45,831.76, plus $45,425.50 in

attorney's fees; $792.85 in taxable costs;[8] $9,166.35 in liquidated damages, which is 20%

(twenty percent) of the principal amount of $45,831.76; and $1,750.00 in audit fees.   In

addition, Plaintiffs are also awarded interest at the contract rate of 1% (one percent) per

month for the time period of November 1, 2012, to the present, which interest is continuing to

accrue at the rate of $15.07 per day.   Plaintiffs may also supplement their claim for attorney's

---

[8] Costs were taxed by the Clerk of Court on April 13, 2015.  *See* Docket No. 74.  Because the Judgment was subsequently vacated, the court awards costs here to avoid any confusion about the status of the bill of costs.

fees and costs in this matter to include any amounts incurred after they filed their Motion for

Attorney's Fees on February 10, 2015.

DATED this 29th day of September, 2015.

BY THE COURT:

DALE A. KIMBALL
United States District Judge